NOT DESIGNATED FOR PUBLICATION

No. 128,496

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LARRY G. EVANS JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Submitted without oral argument. Opinion filed April 24, 2026. Affirmed.

*Wendie C. Miller*, of Kechi, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before MALONE, P.J., BRUNS and HURST, JJ.

PER CURIAM: Larry G. Evans Jr. appeals the district court's summary denial of both his postsentencing pro se request for an order nunc pro tunc and a subsequent pro se motion to reconsider. Based on our review of the record on appeal, we find that the district court did not err in summarily denying Evans' pro se request for a nunc pro tunc order. Likewise, since Evans was not entitled to relief on his request for an order nunc pro tunc, the district court did not abuse its discretion in summarily denying his motion to reconsider the summary denial of his previous motion. Thus, we affirm the district court's decisions.

1

The parties are familiar with the factual and procedural history of this case. As such, we will only briefly summarize them in this opinion. It is undisputed that on May 6, 2019, Evans entered into a plea agreement with the State and pled guilty to attempted aggravated human trafficking and two counts of sexual exploitation of a child. The district court later sentenced Evans to a controlling sentence of 206 months in prison. Although he filed a direct appeal, it was dismissed because he received a presumptive sentence. See *State v. Evans*, No. 125,026, 2023 WL 4539414, at *1 (Kan. App. 2023) (unpublished opinion).

Since his conviction, Evans has filed several motions that were either dismissed or denied by the district court. See *Evans*, 2023 WL 4539414, at *2-3 (motion to correct illegal sentence); *Evans v. State*, 125,321, 2023 WL 3673275, at *6-7 (Kan. App. 2023) (unpublished opinion) (K.S.A. 60-1507 motion). On June 5, 2024, Evans filed his pro se request for an order nunc pro tunc that is the subject of this appeal. In his motion, Evans asserted that "the court failed to include a statutorily prescribed statement in the journal entry of judgment; namely, [that] 'human trafficking' was involved or established." However, he recognized that the journal entry could not be corrected so he requested that the district court "discharge [him] from further criminal liability" arising out of his attempted aggravated human trafficking conviction.

In response to Evans' request, the State pointed out that a nunc pro tunc order is intended to correct clerical errors and the relief requested by Evans is not available under K.S.A. 22-3504(b). On July 5, 2024, the district court summarily denied Evans' request for an order nunc pro tunc because it did not "present a substantial question of law or fact." It also agreed with the State that the relief requested "is not available under K.S.A. 22-3504" because Evans "is not seeking to correct a clerical error in the J.E., but to

2

discharge [himself] from criminal liability." Subsequently, Evans filed a pro se motion to reconsider which was also summarily denied by the district court.

Afterwards, Evans timely appealed the summary denial of both orders.

ANALYSIS

On appeal, Evans contends that the district court erred in summarily denying both his request for an order nunc pro tunc and his motion to reconsider. The question of "[w]hether a nunc pro tunc order is required here necessarily involves the interpretation of Kansas statutes." *State v. Turner*, 317 Kan. 111, 113-14, 525 P.3d 326 (2023). And because such an interpretation presents a question of law, our review is unlimited. 317 Kan. at 113-14. Moreover, we "generally treat motions to reconsider as motions to alter or amend." *State v. Campbell*, 317 Kan. 511, 529, 532 P.3d 425 (2023). A district court's ruling on a motion to alter or amend is reviewed under an abuse of discretion standard. 317 Kan. at 529.

After a guilty verdict is rendered or a sentence is imposed, in a criminal case, a journal entry must be entered that lists the "conviction or other judgment, the sentence if imposed, . . . a statement of the crime charged, and under what statute; the plea or verdict and the judgment rendered or sentence imposed, and under what statute." K.S.A. 22-3426(a). "Clerical mistakes in judgments . . . arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders." K.S.A. 22-3504(b). Significantly, clerical mistakes involve "'typographical errors, incorrect statute numbers, [the] failure to include the statute number, [the] failure to state [an] additional true matter, [and] formal or clerical errors and entries concerning matters of procedure.'" *State v. Bailey*, 306 Kan. 393, 398, 394 P.3d 831 (2017).

3

Here, Evans pled guilty to attempted aggravated human trafficking in violation of K.S.A. 2016 Supp. 21-5301(a), (c)(1) and K.S.A. 2016 Supp. 21-5426(b)(4), (c)(2) in addition to two other charges that are not material to this appeal. Our Supreme Court has explained that a guilty plea is an "admission of the truth of the charge and every material fact alleged therein . . . . " *State v. Mattox*, 305 Kan. 1015, 1031, 390 P.3d 514 (2017). Therefore, by pleading guilty to the relevant charge of attempted aggravated human trafficking, Evans admitted to the truth of the State's allegations against him as well as to the facts necessary to prove the crime. See 305 Kan. at 1031.

Likewise, the plain language of K.S.A. 22-3426(a) does not require that the specific elements of a crime be included in a journal entry. *State v. Cochran*, No. 127,461, 2025 WL 1151523, at *4-5 (Kan. App. 2025) (unpublished opinion). Consequently, we find Evans' requested relief is not supported by law. This is because the district court—in Evans' case—was not required to recite the elements of attempted aggravated human trafficking in the journal entry of judgment. See 2025 WL 1151523, at *4-5.

In addition, Evans also briefly argues that his actions did not satisfy the elements of human trafficking. But this is a claim of substantive error, rather than an assertion of a clerical error correctable by a nunc pro tunc order under K.S.A. 22-3504(b). See *Bailey*, 306 Kan. at 398. Once again, it is important to emphasize that Evans admitted to the truth of the charge as well as the material facts necessary to convict him of this offense through his guilty plea. See *Mattox*, 305 Kan. at 1031. Accordingly, we find that the district court did not err in summarily denying Evans' request for a nunc pro tunc order.

For the same reason, we find that the district court did not abuse its discretion in summarily denying Evans' motion to reconsider. The purpose of a motion to reconsider is to give district courts the opportunity to correct prior errors. *Ross-Williams v. Bennett*, 55 Kan. App. 2d 524, 564, 419 P.3d 608 (2018). Here, the district court did not act

4

erroneously in summarily denying Evans' request for a nunc pro tunc order. Thus, there were no prior errors to correct. See *Ross-Williams*, 55 Kan. App. 2d at 564. And the decision to summarily deny Evans' motion to reconsider was within the district court's sound discretion.

In summary, Evans fails to show that the district court erred in summarily denying his request for an order nunc pro tunc. Evans is also unable to show that the district court abused its discretion in summarily denying his motion to reconsider. Finding that the district court acted reasonably and that it did not make a mistake of law or fact, we affirm its summary denial of both motions.

Affirmed.